United States District Court
Southern District of Texas
**ENTERED**
August 28, 2026
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
LAREDO DIVISION

| | | |
|---|---|---|
| LUIS FELIPE FONSECA LUCENA | § | |
| | § | |
| VS. | § | CIVIL ACTION NO. 5:26-cv-506 |
| | § | |
| MIGUEL VERGARA *et al.* | § | |

# ORDER

Before the Court is Petitioner's Emergency Motion to Reopen Case, Enforce the Court's Order, and Order Immediate Release (Dkt. No. 10). For the reasons below, Petitioner's motion is **GRANTED IN PART** (Dkt. No. 10).

## I. BACKGROUND

On July 2, 2026, the Fifth Circuit held "that the Due Process Clause requires the Government to provide at a bond hearing to aliens held under Section 1225(b)(2)(A) within a reasonable time of detention." *Rodriguez v. Ortega*, 180 F.4th 702, 726 (5th Cir. 2026), *reh'g en banc granted*, *opinion vacated sub nom. Sosnava Rodriguez v. Ortega*, 181 F.4th 608 (5th Cir. 2026). Following this ruling, the Court ordered Respondents to comply with the bond hearing requirement "within five days of the date of [its] Order" (Dkt. No. 8 at 1). The Court stressed that if Respondents failed to "timely provide Petitioner with a bond hearing, they must **immediately** release Petitioner" (Dkt. No. 8 at 2). In the interim, the Fifth Circuit *sua sponte* granted *en banc* review and vacated the *Rodriguez* panel's holding. *Sosnava Rodriguez*, 181 F.4th at 609.

Despite the Court's clear order, Respondents did not furnish Petitioner with a bond hearing (Dkt. No. 10 at 1). Respondents also failed to advise the Court of the result

of the bond hearing (*see* Dkt. No. 8 at 1). Accordingly, Petitioner argues that Respondents defied the Court's Order and seeks their immediate release (Dkt. No. 10 at 2).

## II. LEGAL STANDARDS

"All orders and judgments of courts must be complied with promptly. *Seven Arts Filmed Ent. Ltd. v. Jonesfilm*, 538 F. App'x 444, 446 (5th Cir. 2013) (quoting *Maness v. Meyers*, 419 U.S. 449, 458 (1975)). "It is axiomatic that federal courts possess inherent power to enforce their judgments." *Thomas v. Hughes*, 27 F.4th 363, 368 (5th Cir. 2022) (citation modified) (quoting *Peacock v. Thomas*, 516 U.S. 349, 356 (1996)). Absent this authority, "the judicial power would be incomplete and entirely inadequate to the purposes for which it was conferred by the Constitution." *Peacock*, 516 U.S. at 356.

## III. DISCUSSION

The Court plainly ordered Respondents to provide Petitioner with a bond hearing if they had been detained pursuant to 8 U.S.C. § 1225(b)(2)(A) for ninety or more days (Dkt. No. 8 at 1). In no uncertain terms, the Court warned Respondents that their failure to comply would result in Petitioner's immediate release (Dkt. No. 8 at 2). Standing alone, *Rodriguez*'s vacatur was not an excuse for Respondents' non-compliance. Rather, Respondents' proper vehicle to express their discontent with the Court's ruling is either an appeal, or a motion to set aside the judgment. *Maness*, 419 U.S. at 458 ("If a person to whom a court directs an order believes that order is incorrect the remedy is to appeal, but, absent a stay, he must comply promptly with the order pending appeal."). Moreover, Respondents have not filed any response to Petitioner's motion, despite their twenty-one-day period to do so having passed. J. Garcia Marmolejo Civ. Ct. P. 6(A)(4); L.R. 7.3. Their

silence is deemed as non-opposition. L.R. 7.4 ("Failure to respond to a motion will be taken as a representation of no opposition.").

In sum, the Court cannot condone Respondents' blatant disregard of its Order. Sister courts have found the appropriate remedy is immediate release when Respondents have previously ignored orders to provide a petitioner with a bond hearing. *Mejia v. Baltazar*, No. 26-CV-00385-NYW-TPO, 2026 WL 1361514, at *4 (D. Colo. May 15, 2026) (collecting cases). Given its clear warning, this Court follows suit and finds that Petitioner's immediate release is justified.

## IV. CONCLUSION

For the reasons above, Petitioner's Emergency Motion to Reopen Case, Enforce the Court's Order, and Order Immediate Release (Dkt. No. 10) is **GRANTED IN PART**.

Respondents are **ORDERED** to **RELEASE** Petitioner from custody to a public place no later than 5:00 p.m. on **August 30, 2026**. Respondents are **ORDERED** to **NOTIFY** Petitioner's counsel of the exact location and exact time of their release as soon as practicable and no less than two hours before their release.

The parties are **ORDERED** to file a Joint Status Report no later than 5:00 p.m. on **August 31, 2026**, confirming that Petitioner has been released.

It is so **ORDERED**.

**SIGNED** August 28, 2026.

Marina Garcia Marmolejo
United States District Judge